CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 OCT 22 PM 6:51
DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JUSTIN BORUM, and CHELSEA RUSHING, individually and as heirs-at-law to the ESTATE OF TERRY BORUM, and GRADY BORUM, | § § § § § | |
| Plaintiffs, | § | NO. 2:14-CV-00127-J |
| v. | § § | |
| SWISHER COUNTY, | § § § | |
| Defendant. | § | |

## CHARGE TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard the evidence, it is my duty to instruct you on the law that is applicable to this case. It is your duty as jurors to follow the law as stated in this charge and to apply the rules of law to the facts as you find them from the evidence in this case. I will instruct you regarding the law that you should apply in answering certain questions of fact in this case, and I will read to you those questions in a few moments. You must decide these questions from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge.

The attorneys then will have the opportunity to make their closing arguments. You are instructed that the statements and arguments of counsel are not evidence. They are intended only to assist the jury in understanding the evidence and the contentions of the parties

to this lawsuit. After the attorneys make their closing arguments, I will give you some additional instructions, after which you will retire to commence your deliberations.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A municipality and all other persons are equal before the law and must be treated as equals in a court of justice.

Do not consider any statement which I have made, either in the course of trial or in these instructions, as an indication that I have any opinion about the facts of the case.

Do not decide who you think should win and then try to answer the questions accordingly. You will not decide any issue by lot, by drawing straws, or by the use of any other method of chance. Do not reach your result by adding together each juror's figures and dividing by the number of jurors to get an average. Further, do not do any trading on your answers as your answers and verdict must be unanimous.

All questions are to be answered by you from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time, the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget things or remember other things inaccurately; therefore, if a witness made a misstatement, you need only consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the importance of that may depend on whether it has to do with an important factor or with only an unimportant detail.

The testimony of a single witness, which produces in your minds the belief in the likelihood of truth, is sufficient for the proof of any fact, even though a greater number of witnesses may have testified to the contrary, if you believe this witness and have considered all the other evidence.

## EXPERT WITNESSES

During the trial you heard the testimony of Dr. Joseph Goldenson, Ron McAndrew, and Margo Frasier, who have expressed opinions on several matters. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept the opinion. You should judge such testimony like any other testimony. You

may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Generally speaking, there are two types of evidence which you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as the testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances which points to the existence or nonexistence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## DEPOSITION TESTIMONY

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Before this trial, attorneys representing the parties in this case questioned the witnesses under oath. A court reporter was present and recorded the testimony. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility, and weighed and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand in court.

## BURDEN OF PROOF

The burden is on Plaintiff in a civil case such as this to prove every essential element of his respective claim by a "preponderance of the evidence," unless I direct you otherwise. A preponderance of the evidence means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a

"preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have introduced them. If the proof should fail to establish any essential element of Plaintiffs' claims by a preponderance of the evidence, the jury must find against Plaintiffs.

The statements and arguments of counsel are not evidence.

## CONTENTIONS OF THE PARTIES

The court sets forth the contention of the parties to aid you in understanding the nature of Plaintiffs' claims and the defenses asserted by Defendant. These are strictly the parties' respective positions. As members of the jury, you will decide the facts of this case.

This is a civil rights lawsuit brought under the Fourteenth Amendment of the U.S. Constitution, and the Americans with Disabilities Act. The Plaintiffs are Justin Borum and Chelsea Rushing, the children of Terry Borum, and Grady Borum, Terry Borum's father. The Plaintiffs have sued the Defendant, Swisher County, alleging that actions or inactions of Swisher County in the county jail caused Terry Borum's death. Swisher County denies these allegations.

**Plaintiffs claim that:**

Terry Borum was incarcerated at the Swisher County Jail in Tulia, Texas between Monday, January 28, 2013, and Friday, February 1, 2013. Terry Borum was a pre-trial detainee, meaning he had not been convicted of any crime, and was presumed innocent.

Sheriff Cody Grubb and the employees working at the Swisher County Jail knew Terry

Borum was an alcoholic, and had a facial deformity requiring him to eat with a feeding tube that had been placed in his stomach.

During his stay at the Swisher County Jail, Terry Borum experienced and went through alcohol withdrawal. Before being found unresponsive after he fell on Friday, February 1, 2013, no doctor, nurse, or other medical professional had been called or had examined Terry Borum.

Terry Borum was taken to the emergency room at Swisher Memorial Hospital in Tulia, and then Northwest Texas Hospital in Amarillo. He died in Northwest Texas Hospital on Sunday, February 3, 2013. The autopsy reports the cause of death as complications from blunt force injuries of the head.

During this time, Harold Keeter was the Swisher County Judge. Cody Grubb was the Swisher County Sheriff. Swisher County owned and operated the jail. Sheriff Grubb was the Swisher County policymaker for the jail at the time Terry Borum was incarcerated. At all relevant times while Terry Borum was in the custody of Swisher County, Cody Grubb, Harold Keeter, Martin Sanchez, Jason Irwin, Wesley Trevino, Cassie Pointer and Deborah Lbsraoui were employees of
Swisher County and acting under color of law.

**Plaintiffs claim Swisher County violated Terry Borum's civil rights:**

Plaintiffs claim Swisher County violated Terry Borum's Fourteenth Amendment constitutional rights. Plaintiffs claim Swisher County had a policy or practice of denying inmates suffering alcohol withdrawal access to medical care, and instead had a policy or practice of only giving inmates experiencing withdrawal honey and orange juice. Plaintiffs claim even when

Swisher County knew Terry Borum was experiencing serious medical symptoms like hallucinations, insomnia, and disorientation, Swisher County employees intentionally decided not to call a doctor.

Likewise, Plaintiffs claim Swisher County failed to train its jailers about the dangers of alcohol withdrawal, a common and known problem in county jails. Moreover, Plaintiffs claim Swisher County chose to underfund the jail, preventing jailers from having Terry Borum seen by a doctor. Plaintiffs claim Swisher County policymakers were indifferent to the serious problems in the jail, all of which caused Terry Borum's death.

Plaintiffs also claim Swisher County violated Terry Borum's rights under the Americans with Disabilities Act ("ADA").  Terry Borum suffered from two disabilities: chronic alcoholism, and facial deformities/feeding tube. Plaintiffs claim Terry Borum was entitled to reasonable accommodations for his disabilities under the ADA, like access to a doctor or a safe facility to treat his alcohol withdrawal, and adequate nutrition.

Plaintiffs claim that because Swisher County violated Terry Borum's Fourteenth Amendment and ADA rights, Terry Borum fell in his cell, causing a severe head injury that killed him.

**Swisher County denies these allegations and makes the following defenses:**

Swisher County claims its employees did not deprive Terry Borum of adequate medical care or nutrition and did not have a policy or practice that denied inmates access to medical care; to the contrary, Swisher County claims there was a protocol for medical care and the jailers cared for Terry Borum over the four days he was there. Terry Borum was the first detainee in Swisher County Jail with this particular combination of these medical conditions.

Swisher County contends it did not violate Terry Borum's rights under the ADA. Swisher County claims its employees made special accommodations for Terry Borum that were out of the ordinary for a person in jail.

Swisher County contends it is not required to have trained medical personnel on staff at the Jail nor is Swisher County required to provide jailers with a high level of medical training. Swisher County contends all Swisher County jail personnel had the authority to call dispatch for an ambulance in case of an emergency which they did the morning of February 1, shortly after 8:00 a.m.

## STIPULATED FACTS

The parties stipulate and agree that the following facts are true and are to be considered by the jury as evidence:

1. Terry Borum, a fifty-three-year-old resident of Kress, Swisher County, Texas, was arrested on Monday, January 28, 2013. He was booked in to the Swisher County Jail in Tulia, Texas in the early evening hours.

2. Swisher County knew that Terry Borum was an alcoholic, had a facial deformity, and a feeding tube that had been placed in his stomach.

3. During his stay at the Swisher County Jail, Terry Borum began experiencing the effects of alcohol withdrawal.

4. Terry Borum was moved to a detox cell on the second floor of the jail on Thursday, January 31, 2013 after employees at the jail saw him hallucinating and becoming disoriented. On the morning of Friday, February 1, 2013, Terry Borum fell in his cell and hit his head.

5. Terry Borum was transported by ambulance to the Swisher County Memorial Hospital at approximately 8:25 a.m. that morning. Later that day, he was transferred by ambulance to Northwest Texas Hospital in Amarillo, where he remained until he died in the early afternoon, on Sunday, February 3, 2013. The autopsy reports the cause of death as complications from blunt force injuries of the head.

6. During this time, Harold Keeter was the Swisher County Judge. Cody Grubb was the Swisher County Sheriff. Swisher County owned and operated the jail.

7. Terry Borum was survived by his father, Grady Borum, son, Justin Borum, and daughter, Chelsea Rushing. At the time of Terry Borum's death, Grady Borum was 80 years old, Justin Borum was 29 years old and Chelsea Rushing was 27 years old.

### Americans with Disabilities Act ("ADA")

Title II of the Americans with Disabilities Act ("ADA") provides that no qualified individual with a disability shall be subjected to intentional discrimination by a public entity. Negligence alone will not support an ADA claim.

To prevail on a claim of disability discrimination under the ADA, Plaintiffs must prove by a preponderance of the evidence that:

- (1) Terry Borum is a qualified individual under the ADA;
- (2) Terry Borum was excluded from participation in, or was denied benefits, services, programs, or other activities for which Swisher County was responsible, or was otherwise discriminated against by Swisher County; and

- (3) That such exclusion, denial of benefits, or discrimination was by reason of Terry Borum's disability.

You are instructed that the parties have stipulated that Terry Borum was disabled and was thus a "qualified individual" under the ADA.

Only intentional discrimination is prohibited by the ADA and includes the failure to make reasonable accommodations for the known physical and mental limitations of disabled individuals—including prisoners—who rely on the services or programs provided by Swisher County, unless making such accommodation would impose an undue hardship on the County. Discrimination under the ADA does not require animus or ill will to the disabled by Swisher County employees.

A "reasonable accommodation" is one that is ordinarily reasonable, or reasonable in most cases, and is sufficient to provide a disabled person meaningful access to the benefit offered by a public entity.

An "undue hardship" means an action requiring significant difficulty or expense.

The law does not require a defendant to guess a person's need for reasonable accommodations. However, a person need not have expressly requested a certain accommodation where the defendant had actual knowledge of the person's disability and limitations or the need for the accommodation was obvious, but took no action.

### Plaintiffs' Section 1983 Fourteenth Amendment Claims

#### A. Section 1983 claims generally

The Plaintiffs bring claims under Title 42, Section 1983 of the United States Code, which allows a person to seek redress by way of damages against any person who, acting under color of

state law, intentionally deprives another of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. A county is a "person" subject to suit under 42 U.S.C. § 1983.

In order to prove their claims under this statute, the Plaintiffs must establish, by a preponderance of the evidence, each of the following elements:

- (1) that Swisher County intentionally committed acts which operated to deprive Terry Borum of a right secured by the Constitution of the United States;
- (2) that Swisher County acted under color of state law; and
- (3) that Swisher County's acts were the legal cause of the Plaintiffs' damages.

You are instructed that the parties have agreed that at all times relevant to Plaintiff's cause of action, the Defendant was acting under color of State law, as required by the second element above. You must accept that fact as proven.

To prove the first element of a section 1983 claim—that Swisher County intentionally committed acts which operated to deprive Terry Borum of a right secured by the Constitution of the United States—the Plaintiffs must show that there was a Fourteenth Amendment violation. Plaintiffs can show that Terry Borum's Fourteenth Amendment rights were violated by the specific acts or omissions of jail employees. In addition to proving a Fourteenth Amendment violation, Plaintiffs must also prove that Swisher County is liable for that constitutional violation. This requires proving that the violation was the result of a Swisher County policy, practice, or custom that was maintained with deliberate indifference to the risk that it would violate citizens' rights.

### B.   *Fourteenth Amendment violation based on the acts or omissions of a Swisher County employee*

Plaintiffs claim that Defendant Swisher County violated Terry Borum's Fourteenth Amendment right to adequate medical care and/or adequate nutrition while Mr. Borum was detained at the Swisher County Jail from January 28, 2013 to February 1, 2013.

A pretrial detainee—an individual in the government's custody who has not been convicted of a crime—has a right under the Fourteenth Amendment to the United States Constitution to be protected from impermissible punishment such as the denial of, or delay in, providing certain medical care and the denial of adequate nutrition.

To recover damages for this alleged constitutional violation, based on the episodic acts or omissions of a County employee, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

- (1) Terry Borum was exposed to a substantial risk of serious harm while he was detained in the Swisher County Jail;
- (2) A Swisher County Jail employee displayed deliberate indifference to that risk; and
- (3) Terry Borum was harmed as a result of that deliberate indifference.

The first element asks whether a reasonable person would view Terry Borum's illness or injury as sufficiently serious based on all of the circumstances that existed and whether a reasonable person would foresee that the County's conduct would cause harm to Terry Borum.

The second element—deliberate indifference—requires proof of egregious conduct. Plaintiffs must prove that a Swisher County employee knew of and disregarded an excessive risk to Terry Borum's health or safety. Plaintiffs must prove that a Swisher County employee: (1)

was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed; and (2) actually drew that inference. "Deliberate indifference" does not require an employee to intend to cause harm, or know that harm will result. Rather, an employee acts with deliberate indifference if he fails to act despite his knowledge of a substantial risk of serious harm. Further, you may conclude that the employee knew there was a substantial risk of harm to Terry Borum if you believe the risk of harm was obvious. However, an inmate's mere disagreement with the type, amount, or timing of medical treatment he receives is not enough to satisfy this test.

The third element requires Plaintiffs to show by a preponderance of the evidence that the deliberately indifferent conduct of the County employee was a moving force in bringing about or actually causing Terry Borum's injury. A moving force is a direct causal link between the violation of Terry Borum's constitutional rights and the harm he suffered.

### C. *Municipal liability for a Fourteenth Amendment violation*

In this case, Plaintiffs are suing Swisher County. A county is liable for the constitutional violations of its officers or employees if the constitutional violation was caused by a county policy, practice, or custom.

To prevail on their claims against the County based on the County's policy or custom, Plaintiffs must prove by a preponderance of the evidence that:

- (1) an official policy or custom existed;
- (2) a policymaker for the County knew or should have known about the policy or custom;

- (3) the policymaker was deliberately indifferent to the risk that the policy or custom would result in violations of citizens' constitutional rights; and
- (4) the policy or custom was the moving force leading to the constitutional violation.

A "policy" can be the act of a county's policymaking official, a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the County's officers.

A custom is a persistent, widespread practice of county officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents county policy. But to show a custom, Plaintiffs must prove that either the county's governing body or some official with policymaking authority knew or should have known about the custom.

A practice or custom cannot be inferred simply because of an isolated constitutional deprivation. Isolated incidents, even if they violate the Constitution, are not the persistent, often repeated constant violations that constitute custom and policy as required to establish governmental liability.

Deliberate indifference may be established by demonstrating that there were inadequacies in the County's policies or customs that were so obvious, and so likely to result in a violation of the Fourteenth Amendment, that the policymaker can reasonably be said to have been deliberately indifferent to those inadequacies.

Deliberate indifference may also be established by proof that there existed a pattern of constitutional violations of pretrial detainees' rights to adequate medical care and nutrition that is so clearly inadequate as to be obviously likely to result in a constitutional violation.

A policy or custom is the moving force leading to a constitutional violation if there is a causal link between the County's policy or custom and the alleged deprivation of Terry Borum's constitutional rights.

If you find Terry Borum's right to adequate medical care and/or nutrition was violated, then you may consider whether the county employee or employees who denied Terry Borum medical care did so pursuant to a policy or custom of Swisher County. In that regard, you are instructed that the parties have agreed that at all times relevant to the Plaintiffs' cause of action, Sheriff Cody Grubb was a policymaker for Swisher County. You must accept that fact as proven.

If you find that Terry Borum's Fourteenth Amendment rights were violated and if you find that the Plaintiffs have proven the above four elements by a preponderance of the evidence, then Defendant Swisher County violated Plaintiffs' Fourteenth Amendment rights and your verdict must be for the Plaintiffs on this claim.

### D. *Municipal liability for the failure to train or supervise municipal employees*

Plaintiffs are also suing Defendant Swisher County alleging that Terry Borum's constitutional rights were violated because Swisher County failed to adequately train its employees. A county cannot be held liable merely because its individual employees violated a citizen's constitutional rights. Thus Swisher County is not liable for the actions of its employees unless the alleged constitutional violation was caused by a county policy, practice, or custom. Here, Plaintiffs contend that Swisher County violated Terry Borum's constitutional rights by maintaining a policy of failing to train and/or supervise the officials employed at the Swisher County Jail.

In order to prevail on their section 1983 claim against Swisher County alleging liability based on a policy of failure to train its jail officials, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

- (1) a Swisher County employee violated Plaintiffs' constitutional rights by failing to provide proper medical assistance to Terry Borum;
- (2) the County failed to adequately train or supervise its employees concerning alcohol withdrawal;
- (3) the County was deliberately indifferent to the need for more training or supervision; and
- (4) the County's failure to adequately train or supervise its employees was the moving force behind the deprivation of Terry Borum's constitutional rights.

Deliberate indifference to the need for training exists where the need is so obvious, and the inadequacy of existing practice is so likely to result in the violation of constitutional rights, that the governmental entity can reasonably be said to have been deliberately indifferent. "Deliberate indifference" does not require an official to intend to cause harm, or know that harm will result. Rather, an official acts with deliberate indifference if he fails to act despite his knowledge of a substantial risk of serious harm. Further, you may conclude that the official knew there was a substantial risk of harm to Terry Borum if you believe the risk of harm was obvious.

If you find that the Plaintiffs have proved each of these four elements by a preponderance of the evidence, then Defendant Swisher County violated Plaintiffs' Fourteenth Amendment rights and your verdict will be for the Plaintiffs on this claim.

## Damages

If the Plaintiffs have proven either their Fourteenth Amendment claims or their ADA claims against Swisher County by a preponderance of the evidence, you must determine the damages to which the Plaintiffs are entitled. You should not interpret the fact that I have given instructions about the Plaintiffs' damages as an indication in any way that I believe that the Plaintiffs should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiffs are entitled to recover money from the Defendant.

If you find that the Defendant is liable to the Plaintiffs, then you must determine an amount that is fair compensation for all of the Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiffs whole—that is, to compensate the Plaintiffs for the damage that the Plaintiffs have suffered.

Compensatory damages are not limited to expenses that the Plaintiffs may have incurred because of their injuries. If Plaintiffs win, they are entitled to compensatory damages for the pain, suffering, mental anguish, and loss of companionship, and affection, if any, that they have suffered because of Defendant Swisher County's conduct.

You may award compensatory damages only for injuries that the Plaintiffs prove were proximately caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiffs' damages; no more and no less.

You should not award compensatory damages for speculative injuries, but only for those injuries that the Plaintiffs have actually suffered or that the Plaintiffs are reasonably likely to suffer in the future.

If you decide to award damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You must not award compensatory damages more than once for the same injury. The Plaintiffs are only entitled to be made whole once, and may not recover more than they have lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the Plaintiffs fully for all of their injuries.

Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant.

You should consider the following elements of damages for Justin Borum, Grady Borum, and Chelsea Rushing, to the extent you find them proved by a preponderance of the evidence:

- (1) Past and future mental anguish; and
- (2) Past and future loss of companionship and affection of Terry Borum

You should consider the following elements of damages for the Estate of Terry Borum, to the extent you find them proved by a preponderance of the evidence:

- Terry Borum's conscious pain and suffering;

---

You are the sole and exclusive judges of the facts. You should determine these facts without any bias, prejudice, sympathy, fear, or favor, and this determination should be made from a fair consideration of all the evidence that you have seen and heard in this trial. Our system of law does not permit jurors to be governed by prejudice, sympathy or public opinion. Both parties and the public expect that you will carefully and impartially consider all of the evidence in this case, follow the law as stated by the court, and reach a just verdict regardless of the consequences. Do not speculate on matters that are not in evidence. Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in this case. Your answers and verdict must be unanimous; that is, all of you must agree to each of your answers.

You will now retire to the jury room. In a few minutes I will send to you this charge and the exhibits that the court has admitted into evidence. After you receive the charge and exhibits from the court, you should select your presiding juror and commence your deliberations. A transcript of the testimony will not be available for you deliberations. Remember, do not begin your deliberations until after you have received the court's charge and all exhibits; and do not deliberate unless all jurors are present.

If during the course of your deliberations you wish to communicate with the court, you should do only in writing by a note signed by the presiding juror. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with respect to any message or question you might send, that you should never state or specify your numerical division at the time.

During your deliberations you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

After you have reached your verdict, you will return this charge together with your written answers to the foregoing questions.  Do not reveal you answers until such time as you are discharged, unless otherwise directed by me.

Your presiding juror will sign in the space provided after you have reached your verdict.

**Dated:** October 22, 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE